### IN THE

# SUPREME JUDICIAL COURT,

### IN THE

### COUNTIES OF WASHINGTON AND AROOSTOOK,

### JULY TERM, 1841.

---

## CALVIN HAVEN & al. *versus* WARREN HATHAWAY.

Payment of part of a debt, liquidated and ascertained by a contract, is an admission that the whole was then due.

An indorsement on a note by the holder *after the Statute might operate,* affords no satisfactory evidence of such admission.

In an action upon a note payable more than six years before the commencement of the suit, it was held, that where the defendant had delivered another note to the plaintiff " to collect the same, and apply the proceeds to the payment" of the note in suit, and the plaintiff had accepted it, that he was bound to comply with these directions ; and that as soon as he collected money upon it he was obliged to consider it a payment of so much on the note in suit; and that proof of a payment on the collateral note would operate as proof of payment of the same sum on the note in suit.

But in such case, if the plaintiff has not used that reasonable diligence which the law requires to collect the collateral note, and the payments have been made later than they should have been, they cannot be considered as made by order of the defendant ; otherwise they will be so considered.

ASSUMPSIT upon a promissory note of the defendant to the plaintiffs for 1201,50, dated April 19, 1826, payable in four months. The statute of limitations was pleaded and relied upon. There were three indorsements on the note amounting in all to $1106,50, the last of which was dated Sept. 7, 1831. It did not appear in whose handwriting the indorsements were made. The action was commenced May 1, 1835. To show

that the indorsements were made with the knowledge and consent of the defendant and for his benefit, it was proved that the defendant left with the plaintiffs the note of one Loder, an inhabitant of the Province of New Brunswick, as collateral security for the note in suit, and requested the plaintiffs " to collect the same and apply the proceeds to the payment" of this note ; that the Loder note was sent to St. John for collection, and three sums received upon it, and sent by the agent to the plaintiffs, one sum having been sent in June, 1829, one in Nov. 1829, and the other in Sept. 1831 ; and that the defendant was advised from time to time of the collections of Loder, and urged the plaintiffs to hasten the collection, as he was anxious to have it go in extinguishment of this note.

The trial was before EMERY J. who directed a nonsuit. If this direction was erroneous, the nonsuit was to be taken off, and the action was to proceed to trial.

*Hobbs*, for the plaintiff, contended, that as the nonsuit was ordered against the wishes of the plaintiff and without his consent, it should be taken off, unless it appeared conclusively that the suit could not be maintained. 9 Price, 291 ; 12 Petersd. Ab. 532 ; 2 T. R. 281 ; 14 East. 239 ; *Mitchell v. New Eng. Mar. Ins. Co.* 6 Pick. 117. The question in this case was one of fact, which should have been submitted to the jury. 9 Price, 291.

The payment of a part of the note takes it out of the statute of limitations. And this payment may be inferred from facts proved. The Loder note was to be applied in payment of the note in suit, as collected. It was the duty of the plaintiff to apply and indorse the sums received, without waiting for orders from the defendant; and the case, too, shows that the defendant was advised of the plaintiffs' proceedings. *Clapp v. Ingersoll,* 2 Fairf. 83 ; *Coffin v. Bucknam,* 3 Fairf. 471 ; *Whitney v. Bigelow,* 4 Pick 110 ; *Brewer v. Knapp,* 1 Pick. 337.

*B. Bradbury,* for the defendant.

There must be payment of a part, an actual promise to pay, either absolutely or on condition, or an unambiguous acknowl-

edgement of present indebtedness, to take a demand, once barred, out of the operation of the statute. *Bangs* v. *Hall*, 2 Pick. 368; *Whitney* v. *Bigelow*, 4 Pick. 110; *Perley* v. *Little*, 3 Greenl. 97 ; *Porter* v. *Hill*, 4 Greenl. 41 ; *Clapp* v. *Ingersoll*, 2 Fairf. 83; *Howe* v. *Thompson*, ib. 152; *Lombard* v. *Pease*, 14 Maine R. 349. Here there is no evidence, that any of these indorsements were made with the assent of the defendant. If the Loder note was to be considered as a partial payment of this, the payment was made when the note was delivered to the plaintiffs, more than six years before the commencement of the suit. *Whitney* v. *Bigelow*, 4. Pick. 471. The plaintiffs by their delay in collecting the note had made it their own. They could not by their own neglect prevent the statute from barring their claim. *Porter* v. *Blood*, 5 Pick. 54.

The opinion of the Court was by

SHEPLEY J. — Assuming that no person would voluntarily pay a debt which he did not owe, it has been decided, that payment of part of a debt liquidated and ascertained by a contract, is an admission that the whole was then due. An indorsement by the holder, after the statute might operate, affords no satisfactory evidence of such acknowledgement. It might be made without any payment or consent of the debtor. If the debtor pay through the agency of another person, the effect is the same as a payment by himself. The act is his own. The testimony of Brooks proves, that the note of Loder was delivered to the plaintiffs as collateral security for the note in suit, " to collect the same and apply the proceeds to the payment" of it. The plaintiffs having accepted it, were obliged to comply with these directions. As soon as they collected money upon it, they were obliged to consider it as a payment of so much on this note. Proof of payment on the Loder note, would operate as proof of payment of the same sum on this note. It is not perceived how payment thus made can differ in principle from payments through any other agent. The plaintiffs became the legal agents of the intestate, coupled with

an interest. And they were responsible for any neglect of duty either in the collection or application of the money. If they acted faithfully, and used all reasonable diligence to collect, the collection and application of the money was made according to the order of the intestate. And the payments on this note would then be made from his property and by his direction. Neither party to the arrangement could avoid it, or the consequences resulting from it, without the consent of the other. These principles were recognized in the case of *Porter* v. *Blood*, 5 Pick. 54, where the maker of a note placed certain merchandize in the hands of the holder to be sold and the proceeds applied in payment of it. Yet in that case, it was decided, that the sales were not made within a reasonable time, and that the indorsement of the proceeds could not therefore be considered as made by the order of the maker. The holder could sell the merchandize when he pleased. Whether the Loder note could be collected did not depend alone upon the diligence of the plaintiffs. The ability and disposition of the maker to pay were to be considered. If the plaintiffs have not used that reasonable diligence which the law requires, and the indorsements have been made later than they should have been, they cannot be considered as made by the order of the defendant; otherwise they must be so considered, and the plaintiffs will be entitled to recover.

*Nonsuit set aside, and new trial granted.*